JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQUES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada 89102
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAILA KIRKHAM, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SMITH'S FOOD AND DRUG CENTER, INC. d/b/a SMITH'S FOOD AND DRUG CENTER, a Foreign Corporation; DOE INDIVIDUALS I through X; ROE LEGAL ENTITIES I through X, inclusive,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01818-JCM-EJY<br><br>**STIPULATION TO EXTEND**<br>**DISCOVERY SCHEDULE**<br><br>**(SECOND REQUEST)** |

　　　　Good cause is present for the stipulation under LR 26-3.

　　　　Plaintiff is alleging significant injuries in this case. In her most recent supplemental disclosure, her second, served on March 13, 2023, contemporaneous with Plaintiff's deposition, Plaintiff alleged her past medical bills are $142,652.05. The medical specials include the costs of two surgeries to Plaintiff's right shoulder and right knee. Moreover, Plaintiff is alleging $750,000.00 in future medical treatment related to ongoing treatment.

　　　　Most significantly, Defendant recently received *some* of Plaintiff's medical records through executed authorizations that are relevant to causation of her alleged injuries. Plaintiff had surgical procedures performed on her right shoulder and right knee following the subject incident, that she attributes to the subject incident. Defendant is working with Plaintiff to get the proper authorization

for Plaintiff's medical providers who performed surgery to her right shoulder and right knee, *prior to* the subject incident, and provide the same to its retained medical expert to review in preparation for the expert report. Furthermore, Defendant will need to review Plaintiff's relevant prior medical records prior to noticing and taking the deposition of Plaintiff's treating physicians.

Accordingly, additional time is needed to collect Plaintiff's voluminous medical records and allow more time for expert disclosures. Just given the sheer number of medical providers involved in this case, there is not enough time to collect these records and forward them to the expert witnesses so that they can include the records in their initial expert reports.

IT IS HEREBY STIPULATED AND AGREED, by and between Burke L. Huber, Esq. of the VAN LAW FIRM, as counsel for Plaintiff LAILA KIRKHAM, and Andre T. Marques, Esq., of the law firm COOPER LEVENSON, P.A., as counsel for Defendant SMITH'S FOOD & DRUG CENTERS, INC., that discovery deadlines in this matter be continued for a period of 60 days to allow the parties additional time to complete discovery.

**STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.**

1. The parties participated in the Fed. R. Civ. P. 26(f) conference;
2. Both parties have made their disclosures pursuant to Fed. R. Civ. P. 26.1(a)(1).
3. Both parties have served, and responded to, written discovery including interrogatories, requests for admissions, and requests for production of documents.
4. Defendant has taken Plaintiff's deposition and the deposition of Plaintiff's husband.
5. Plaintiff has taken the deposition of Defendant's employee witness, Chokri Gasmi.
6. Plaintiff has taken the deposition of Defendant's SMITH'S Rule 30(b)(6) corporate representative.
7. Plaintiff disclosed Dr. Randa Bascharon, M.D. as an expert witness.
8. Defendant has sent authorizations to Plaintiff, and is still in the process of collecting all of Plaintiff's medical records.

A. **SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED**.

1. Deposition of Plaintiff's treating physicians.

2. Deposition of SMITH'S fact witnesses.

3. Defendant to identify and collect Plaintiff's medical records.

4. Defendant to retain and designate expert witnesses.

5. Depositions of expert witnesses.

B. **REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE DISCOVERY SCHEDULING ORDER**

Pursuant to LR 26-3, good cause is present for the stipulation. This is a premise liability action and Plaintiff is alleging significant injuries, including two surgeries following the subject incident. Recently, Defendant received some of Plaintiff's additional medical records documenting serious injuries to the same body parts – right shoulder and right knee – prior to the subject incident. Defendant will need additional time to send authorizations to Plaintiff's medical providers and gather and review Plaintiff's medical records.

Therefore, the parties in this matter respectfully request a sixty (60) day extension of discovery deadlines to allow enough time for the parties to gather medical records, depose witnesses, including treating medical providers, and to complete discovery as a whole.

Simply put, the Defendant cannot recover all of Plaintiff's relevant medical records and have those records examined by its expert witnesses for their reports under the current Scheduling Order.

C. **PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

As a result of the above, it is requested that the discovery deadlines in this case be continued 60 days from their present deadlines.

1. **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date be extended 61 days from its present deadline of September 27, 2023, to **Monday, November 27, 2023**.

2. **Amending the Pleadings and Adding Parties:** The parties do not seek to extend this deadline, but reserve the right to bring an appropriate motion in the future in the unlikely event that new information is found in discovery that creates the need to amend the pleadings.

/ / /

CLAC 7519689.1

3. **Fed. R. Civ. P. 2(a)(2) Disclosures (Experts):** The parties jointly propose that the initial expert disclosure deadline be extended 60 days from its present deadline of July 28, 2023, to **Tuesday, September 26, 2023**; the rebuttal expert disclosure be extended 59 days from its present deadline of August 28, 2023, to **Thursday, October 26, 2023.**

4. **Dispositive Motions:** In the event that the discovery period is extended from the discovery cut-off date set forth in the proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended 61 days from its present deadline of October 27, 2023, to **Wednesday, December 27, 2023.**

5. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **January 26, 2024**, 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or an early neutral evaluation. The parties have not scheduled any such ADR forum at this point, but agree to reconsider following the disclosure of expert witness reports and after the close of discovery.

8. **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to either alternative form of case disposition.

9. **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties

CLAC 7519689.1

have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the Pre-Trial Order.

**10. Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

Respectfully submitted this 22nd day of June, 2023.

| VAN LAW FIRM | COOPER LEVENSON, P.A |
|---|---|
| /s/ Burke W. Huber<br>BURKE W. HUBER, ESQ.<br>Nevada Bar No. 010902<br>1290 South Jones Boulevard<br>Las Vegas, NV 89146<br>(702) 900-9000<br>Attorneys for Plaintiff<br>LAILA KIRKHAM | /s/ Andre T. Marques<br>JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 001107<br>ANDRE T. MARQUES, ESQ.<br>Nevada Bar No. 014737<br>3016 W. Charleston Blvd.-Suite 195<br>Las Vegas, Nevada 89102<br>(702) 366-1125<br>Attorneys for Defendant<br>SMITH'S FOOD & DRUG CENTERS, INC. |

**ORDER**

**IT IS SO ORDERED** that the discovery deadlines are hereby extended as follows:

| Scheduled Event | New Deadlines |
|---|---|
| Amend Pleadings and add Parties | **Closed** |
| Initial Expert Disclosure | **September 26, 2023** |
| Disclosure of Rebuttal Experts | **October 26, 2023** |
| Discovery Cutoff | **November 27, 2023** |
| Dispositive Motions | **December 27, 2023** |
| Joint Proposed Pre-trial Order | **January 26, 2024** |

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  June 22, 2023

CLAC 7519689.1